IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DILYS E. BLAIR-BAIN,                    )
                                        )
                    Plaintiff           )          Civil No. 07-501-KI
                                        )
        v.                              )          OPINION AND ORDER
                                        )
MICHAEL J. ASTRUE,                      )
                                        )
                                        )
                    Defendant.          )

KAREN STOLZBERG
11830 S.W. Kerr Parkway
Lake Oswego, Oregon 97035

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

RICHARD M. RODRIGUEZ
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

        Attorneys for Defendant

KING, District Judge:

Plaintiff Dilys Blair-Blain ("Blair-Bain") seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is affirmed.

## BACKGROUND

Born in 1958, Blair-Bain completed high school and one year of college. Tr. 58, 81.[1] Between 1981 and 1997 Blair-Bain worked as a technical writer. Tr. 68. Blair-Bain applied for DIB on November 21, 2003, alleging disability since September 30, 1997, due to fibromyalgia, carpal tunnel syndrome, fatigue, osteoarthritis, migraine headaches, neck and shoulder pain, irritable bowel and bladder syndrome, depression, insomnia, TMJ (temporomandibular joint syndrome), and restless leg syndrome. Tr. 58, 60.

The Commissioner denied Blair-Bain's application initially and upon reconsideration. Tr. 32-36, 39-41. An Administrative Law Judge ("ALJ") held a hearing on May 9, 2006. Tr. 372-415. On July 26, 2006, the ALJ issued an unfavorable decision. Tr. 17-29. The Appeals Council accepted additional evidence into the record but denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-9.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*,

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on July 10, 2007 (Docket #8).

482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot perform such

work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1566.

## THE ALJ'S FINDINGS

The ALJ found Blair-Bain last insured for disability insurance purposes December 31, 2002. Tr. 17. The ALJ found Blair-Bain's fibromyalgia "severe" at step two in the sequential proceedings, but found that this impairment did not meet or equal a listing at step three Tr. 19, 25. The ALJ subsequently evaluated Blair-Bain's RFC for the period prior to her December 2002 date last insured, finding that she "had the residual functional capacity for modified light exertion with minimal vocational non-exertional limitations." Tr. 25. The ALJ assessed Blair-Bain's RFC:

> [S]he can "sit" 1-hour at a time, up to 4-6 hours (cumulatively, not consecutively) in an 8-hour workday with normal breaks. She can "stand and walk" 30-minutes at a time, up to 4-6 hours (cumulatively, not consecutively) in an 8-hour workday with normal breaks. She can "lift and carry" up to 20-pounds. She can perform postural activities of bending, balancing, stooping, kneeling, crouching or crawling "frequently."

*Id.* The ALJ also found that Blair-Bain's "lone vocational non-exertional limitation is that she should predominately be assigned simple, routine, repetitive type work with "occasional" detailed taskings.*"*

*Id.*

///

4 - OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

**I.      The ALJ's Step Two Findings**

At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). This finding considers "medical severity" only. *Id.* An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. § 404.1520(c), *see also* 20 C.F.R. § 404.1521. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. § 404.1509.

Blair-Bain now contends the ALJ found her allegations not credible at step two. Pl.'s Opening Br. 18. The ALJ does not consider a claimant's statements about her impairments until she reaches she construes an RFC assessment prior to steps four and five of the sequential analysis. 20

C.F.R. §§ 404.1545(a)(3).  Credibility is irrelevant at step two in the sequential proceedings.

The court notes that the ALJ found Blair-Bain's fibromyalgia "severe" at step two.  Tr. 17. Regarding the ALJ's other alleged omissions, the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe.  20 C.F.R. § 404.1545(a)(2).  Because the ALJ proceeded beyond step three, any omission regarding a step two severity finding is inconsequential.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  The ALJ's step two findings are sustained.

## II.    Medical Source Statements

Blair-Bain contends that the ALJ improperly evaluated the opinions of treating physician Dr. Kemple and examining physician Dr. Deodhar.

### A.    Legal Standard: Physician Opinions

Generally, the ALJ must accord a treating physician's opinion greater weight than that of an examining physician, and in turn grant greater weight to an examining physician's opinion than that of a reviewing physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the opinion of a treating or examining physician is contradicted, then an ALJ's rejection of that opinion need only identify specific and legitimate reasons supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Disability opinions are furthermore reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1).

### B.    Analysis

The ALJ discussed the opinions of treating physicians Drs. Becker, Sargent, and Kemple in detail.  Tr. 19-24.  The ALJ also discussed the report of examining physician Dr. Deodhar.  Tr. 22.

The ALJ gave greater weight to the opinions of treating physicians Drs. Becker and Sargent.  Tr. 19-24.

      **a.**     **Treating Physician Dr. Kemple**

     The ALJ's discussion accorded greater weight to treating physician Dr. Sargent's opinion that Blair-Bain did not show muscular and joint tenderness throughout the period in question.  Tr. 21. The ALJ stated that Dr. Kemple's reports regarding Blair-Bain's lumbar pain were uncorroborated by imaging studies and that Dr. Kemple's findings regarding Blair-Bain's headaches, tinnitus, irritable bowel syndrome, and degenerative disc disease were not "formally diagnosed through appropriate medical signs and clinical findings."  Tr. 23.  The record supports this reasoning.  Dr. Kemple's statements are unaccompanied by clinical examination notes.  Tr. 234-36, 239.  The record does not show clinical findings regarding Blair-Bain's headaches, tinnitus, irritable bowel syndrome, or lumbar spine.

     Blair-Bain now contends that the ALJ erroneously rejected Dr. Kemple's opinion that she is unable to work, and specifically challenges the ALJ's analysis of Dr. Kemple's anti-nuclear antibody ("ANA") test results.  Pl.'s Opening Br. 30.

     The ALJ gave greater weight to treating physician Dr. Sargent's interpretation of her ANA test results.  The ALJ acknowledged Dr. Sargent's finding that Blair-Bain had a "positive ANA" test result, but considered this result in the context of Dr. Sargent's other clinical findings, which did not support a finding of disability.  *Id.*  The ALJ specifically noted Dr. Sargent's reports that Blair-Bain completed activities of daily living and that Dr. Sargent "emphasized the fact that she is in reality doing a full days [sic] work" and that her "energy levels are appropriate."  *Id.*  The ALJ subsequently

cited Dr. Kemple's "positive" ANA finding, but found that Dr. Kemple's emphasis upon Blair-Bain's mildly positive ANA test result did not reflect Blair-Bain's clinical presentation, including her reported activity level, throughout the record.  Tr. 23.

The ALJ is responsible for evaluating the medical evidence and resolving conflicting medical opinions.  *Batson*, 359 F.3d at 1190.  Here, the ALJ appropriately found that the medical record during the relevant period did not support Dr. Kemple's suggested diagnoses or his inference that Blair-Bain's ANA test results supports a finding disability.  Tr. 23-24.  This constitutes a "specific and legitimate" reason for rejecting Dr. Kemple's contradicted opinion.  *Batson*, 359 F.3d at 1195.

**b.    Examining Physician Dr. Deodhar**

The ALJ ordinarily accords greater weigh to the opinions of treating physicians than that of an examining physician.  *Lester*, 81 F.3d at 830.  As discussed, the ALJ gave greater weight to the supported findings of treating physicians Drs. Sargent and Becker.  The ALJ noted that Dr. Deodhar's July 7, 2002, assessment was based upon Blair-Bain's report and that Dr. Deodhar did not provide clinical finding supporting his diagnoses other than fibromyalgia.  Tr. 134-35.

The ALJ is entitled to reject physician opinions inadequately supported by clinical findings, *Bayliss*, 427 F.3d 1216, or based upon reports of a claimant found not credible.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  The record shows that Dr. Deodhar found no joint swelling, and based his assessment of Blair-Bain's irritable bowel syndrome and depression upon Blair-Bain's report.  Tr. 134-35.  The court furthermore notes that Dr. Deodhar did not assess any limitations stemming from his fibromyalgia assessment.  Tr. 135.  The ALJ's findings are based upon the record and are therefore affirmed.

In summary, the ALJ appropriately distinguished the opinions of treating and examining physicians. This court will not disturb the ALJ's reading of the medical record if it is based upon a rational interpretation of the record. *Batson*, 359 F.3d at 1193, *Edlund*, 253 F.3d at 1156.

## III.    Blair-Bain's Credibility

Blair-Bain contends that the ALJ failed to provide clear and convincing reasons for finding her not credible. She specifically submits that the ALJ erroneously found her not credible based upon her allegations of "a longstanding history of fibromyalgia," her activities of daily living, and her complaints of cognitive difficulties. Pl.'s Opening Br. 21-26.

### A.    Legal Standard: Credibility

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility

finding "solely because " the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

### B.    Analysis

### a.    Activities of Daily Living

The ALJ may reject a claimant's reported symptoms because they are inconsistent with her daily activities. *Smolen*, 80 F.3d at 1284. The ALJ first noted that Blair-Bain did not describe her activities of daily living in her hearing testimony, though she described these activities to physicians and therapists. Tr. 26. The ALJ cited the records of Drs. Becker, Sargent, and Nurse Practitioner Burkhardt, stating that these practitioners "all note significant activities of daily living at such a level as to equate to doing a full days worth of basic work activities each day." *Id.* The ALJ subsequently discussed Blair-Bain's reports to these practitioners that she performed household chores, handled family finances, and cared for (and showed) three dogs. Tr. 27. Finally, the ALJ noted Blair-Bain's report to Dr. Becker in October 1999 that she "works at home." *Id.*

The record supports this analysis. Tr. 141, 212-14, 218, 220-22, 309-10, 315, 317-18, 321. Furthermore, the Ninth Circuit notes, "Although the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [the claimant], the ALJ's interpretation was rational, and "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). For this reason, the court defers to the ALJ's interpretation of Blair-Bain's daily activities.

///

### b.    Blair-Bain's Medical Record

Blair-Bain contends that the ALJ found her not credible "because she alleged a longstanding history of fibromyalgia." Pl.'s Opening Br. 21. The ALJ twice noted that Blair-Bain did not provide treatment records for the period prior to October 29, 1999. Tr. 19, 26. The ALJ discussed Blair-Bain's daily activities and medical source statements, concluding that "her alleged longstanding self-reported history of fibromyalgia is not entirely credible." Tr. 21. The ALJ's finding that the medical record does not reflect fibromyalgia limitations prior to October 1999 is based upon the record. The ALJ may reject symptom testimony if the medical record shows no treatment. *Smolen*, 80 F.3d at 1284. This notation in the ALJ's credibility finding is therefore affirmed. Blair-Bain's submission regarding her onset date is discussed below.

### c.    Cognitive Difficulties

Blair-Bain finally challenges the ALJ's finding that medical records did not reflect the cognitive dysfunction she reported. Pl.'s Opening Br. 26, citing tr. 22. The indicated citation shows the ALJ's discussion of Blair-Bain's presentation to rheumatologist Dr. Deodhar and nurse practitioner Burkhardt. Tr. 22. The ALJ noted Blair-Bain's report of cognitive difficulties and concurrent medical records showing a "very bright, energetic effect [sic] today, and she is in no acute distress." *Id.* The ALJ made no other identifiable credibility finding or inference regarding Blair-Bain's reported cognitive difficulties. Blair-Bain's submission that the ALJ found her not credible due to allegation of cognitive dysfunction is not based upon the record and is not sustained.

In summary, the ALJ provided acceptable reasons for finding Blair-Bain not credible. Blair-Bain has failed to point to errors in the ALJ's credibility decision warranting reversal. The ALJ's

credibility decision is affirmed.

## IV.    Lay Witness Testimony

Blair-Bain asserts that the ALJ erroneously omitted lay testimony submitted by her father, Leonard Blair.  Pl.'s Opening Br. 27.  Defendant asserts that this testimony is non-probative because it was submitted after Blair-Bain's date last insured.  Def.'s Br. 12.

### A.    Evaluating Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony.   20 C.F.R. § 404.1513(d), 404.1545(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  The ALJ may not reject such testimony without comment, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996), but she may reject lay testimony inconsistent with the medical evidence. *Lewis*, 236 F.3d at 512.

### B.    Analysis

Mr. Blair submitted a third party activity report on December 21, 2003.  Tr. 86-94.  The ALJ did not cite this testimony.  Blair-Bain contends that the omitted testimony establishes disability and should be credited.  Pl.'s Opening Br. 27.

Mr. Blair indicated that in December 2003 Blair-Bain performed basic hygiene, stretching, and exercise routines.  Tr. 86.  He also said she performed household chores "when able," but no longer manages all household tasks, such as shopping and yard maintenance, though she still shopped for groceries and prescription medications.  Tr. 86-89.  He finally stated that Blair-Bain had difficulty squatting and bending due to lost flexibility, difficulty standing and walking for more than

15-25 minutes, respectively, due to foot and leg pain, difficulty sitting for more than 15-20 minutes due to sciatica, and difficulty kneeling.  Tr. 91.  Mr. Blair also stated that Blair-Bain has difficulty with stair climbing, memory, and concentration.  *Id.*

The ALJ may reject lay testimony unsupported by the medical evidence.  *Lewis*, 236 F.3d at 511.  The medical evidence does not reflect the limitations Mr. Bain reports, instead showing that Blair-Bain performed activities of daily living throughout the period in question.  For this reason, the ALJ's omission is inconsequential and does not warrant reversal.  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

**V.     The ALJ's Step Five Finding**

Drawing upon the testimony of a vocational expert ("VE"), the ALJ found that Blair-Bain could perform work in the national economy at step five.  Tr. 28.  The ALJ's hypothetical questions to the VE included RFC limitations supported by the medical evidence.  Tr. 410.  In making her findings based upon the VE's testimony, the ALJ did not include additional limitations suggested by counsel.  The VE stated that a hypothetical individual with Blair-Bain's supported RFC could perform work as an order desk sales writer or general clerical worker.  Tr. 411.

Blair-Bain argues that the ALJ's hypothetical questions to the VE failed to reflect all of her limitations.  Pl.'s Opening Br. 32.  The ALJ is not required to include unsupported limitations in her hypothetical questions to a VE.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001).  For the reasons established above, Blair-Bain fails to show substantive error in the RFC assessment.  The ALJ appropriately relied upon this RFC and the VE's testimony in her step five finding.  *Id*.  The ALJ's finding that Blair-Bain could perform work in the national economy is based upon an adequate

RFC assessment and supported by appropriate vocational testimony.  These findings are affirmed.

## VI.    Onset Date

The ALJ found that "the medical record reflects that since October 7, 2002, the claimant has received therapy, treatment, and medication management for fibromyalgia with a host of related complaints." Tr. 19.  Blair-Bain asserts that her disability began October 1, 1997, and contends that the ALJ failed to correctly apply the provisions of SSR 83-20 regarding determination of her disability onset date.  Pl.'s Opening Br. 32.

SSR 83-20 applies when an ALJ has found a claimant disabled and must subsequently determine an onset date.  SSR 83-20 at *1, *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998). Because the ALJ did not find Blair-Bain disabled, SSR 83-20 does not apply.  Further submissions will not be discussed.

## CONCLUSION

The Commissioner's decision that Blair-Bain did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence.  The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this ___18th___ day of March, 2008.

 /s/ Garr M. King_____
Garr M. King
United States District Judge